UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NASH N. TUTEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV422-092 |
| | ) | |
| SHERIFF JOHN T. WILCHER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Nash N. Tuten has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. He has also moved to proceed *in forma pauperis*. *See* doc. 3. As he appears to be indigent, that Motion is **GRANTED**. *Id.* The Court will, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

1

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

Tuten's Petition states that he is a pretrial detainee in the custody of the Sheriff of Chatham County, Georgia. *See* doc. 1 at 1. He alleges various problems with his ongoing prosecution, including that he "was indicted without probable cause," the prosecution against him is "malicious," he is receiving "ineffective assistance counseling," and that he was not permitted to "introduce . . . evidence hand to hand in open court." *Id.* at 6. He states that he his seeking $250,000. *Id.* at 7.

First, monetary relief is not available in a *habeas* case. *See, e.g., Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) ("Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody, *Wolff v. McDonnell*, 418 U.S. 539, . . . (1974); it is not action in damages, *Preiser v. Rodriguez*, 411 U.S. 475, 494 . . . (1973)."); *Pugh v. Olsen*, 2019 WL 4439502, at *1 (S.D. Ga. May 23, 2019) (plaintiff "must file any claim for monetary relief as a separate § 1983 action."). Moreover, since Tuten's prosecution is ongoing,

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

it is unclear that he could assert a viable claim for monetary relief, even in an appropriate proceeding. As the Supreme Court has explained, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for any harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 29 U.S.C. § 2254." *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). To the extent that Tuten seeks to recover damages in a habeas action, therefore, his Petition should be **DISMISSED**.

Even if the Court construed the Petition as seeking habeas relief, it still fails. The Eleventh Circuit has recently made it explicitly clear that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state

courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Tuten's Petition states that he sought habeas relief from the Superior Court of Chatham County, and "was referred to file to the Supreme Court," but not that he did so. *See* doc. 1 at 2. Even assuming his filing in the Superior Court was sufficient to "present" his claims, he has not pursued those claims "to the state's highest court." *Johnson*, 32 F.4th at 1096. His Petition should, therefore, be **DISMISSED** as unexhausted.

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971); *see also Johnson*, 32 F.4th at 1099 (explaining that unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a

petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49). Although the Supreme Court in *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484 (1973), recognized that speedy trial rights may be pursued through a pretrial federal habeas petition, courts have declined to intervene when the petition seeks dismissal of the pending charges, rather than immediate trial. *See In re*

*Justices of Sup. Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 n. 5 (1st Cir. 2000) (citing *Braden* and *Carden v. Montana*, 626 F.2d 82, 84-85 (9th Cir. 1980)). Tuten's allegations concerning his prosecution are, as the Eleventh Circuit has recognized, "a classic case for *Younger* abstention."[2] *Johnson*, 32 F.4th at 1102. Tuten "believes that he has a potential constitutional defense to [the pending] charges, but . . . he can raise that defense in the state courts of [Georgia]." *Id.*

It is clear from the face of Tuten's Petition, therefore, that his claim for money damages is not properly asserted in a § 2241 petition, and, to the extent he seeks habeas relief, his claims are unexhausted and barred by *Younger* abstention. Accordingly, the petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

---

[2] Although *Younger* recognizes a "bad faith" exception, his bare allegation of "malice prosecution," doc. 1 at 6, does not even approach the standard to qualify for the exception. *See, e.g., Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) ("While [petitioner] broadly claims that the district attorney and state trial judge acted in bad faith, *Younger* requires more.").

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 6th day of June, 2022.

                                              _____
                                              CHRISTOPHER L. RAY
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA